IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Oscar Zarate Sorcia, #338247, | C/A No.: 9:10-2827-JFA-BM |
| Plaintiff, | |
| v. | ORDER |
| Sgt. Smith; Sgt. Lewis; and Administrator James Dorriety, | |
| Defendants. | |

The *pro se* plaintiff, Oscar Zarate Sorcia, brings this action pursuant to 42 U.S.C. § 1983.[1] He alleges violations of his constitutional rights while he was incarcerated at the Greenville County Detention Center (GCDC).

The Magistrate Judge assigned to this action[2] has prepared a comprehensive Report and Recommendation wherein he suggests that this court should grant the defendants' motion for summary judgment.[3] In doing so, the Magistrate Judge construed all of the facts in the light most favorable to the nonmoving party, here the plaintiff, and indicated in a footnote that he considered the factual allegations set forth in the plaintiff's verified complaint as

---

[1] The plaintiff has filed this action *in forma pauperis* under 28 U.S.C. § 1915.

[2] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

[3] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying plaintiff of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Plaintiff responded to the motion.

established for purposes of the motion before the court. Notwithstanding this fact, the Magistrate Judge is of the opinion that this case should be dismissed. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

Viewed in the light most favorable to the plaintiff, the facts of record in this case reveal that plaintiff was booked into the GCDC on December 12, 2008, following his arrest on 23 criminal charges. He was ultimately convicted and sentenced to a 10-year prison term. The claims at issue in this case arose while the plaintiff was in custody at the GCDC as a pretrial detainee.

On January 16, 2009, state court Judge Edward Miller set plaintiff's bail at $10,000 with a condition that plaintiff be placed on electronic monitoring upon being released. Initially, plaintiff did not satisfy the conditions of his bail and therefore remained in the custody of the GCDC. On May 19, 2009, Immigration and Customs Enforcement (ICE) filed an immigration detainer with the GCDC requiring it turn the plaintiff over to ICE custody for potential deportation proceedings if the plaintiff were released on his state charges.

Thereafter, on July 20, 2009, plaintiff's family purchased a bond to satisfy the financial conditions of the plaintiff's bail on July 20, 2009. The GCDC did not, however, release the plaintiff because he would have had to have been turned over to ICE custody and therefore, could not have met the electronic monitoring requirement imposed by Judge Miller. Plaintiff's attorney then filed a motion to modify plaintiff's bond conditions, and plaintiff was subsequently released to ICE custody on November 23, 2009. He was returned

to GCDC just over a week later, on December 1, 2009, to attend his trial on state criminal charges.

At issue in this case is the GCDC's decision not to release the plaintiff upon the posting of the bond by his family. The defendants respond that they were bound by the conditions imposed by Judge Miller, specifically, the condition that the plaintiff be on electronic monitoring even after satisfying the bond requirement.

The Magistrate Judge recommends that the defendants' motion for summary judgment should be granted. Here, in the opinion of the Magistrate Judge, even considering the facts in the light most favorable to the plaintiff, the evidence shows that the defendants did not facilitate the plaintiff's release on bond because, as they told the plaintiff, there was a detainer on him preventing his release. Additionally, and more important, the detainer meant that the plaintiff could not meet the electronic monitoring requirements of the bond set by Judge Miller. The fact that Judge Miller's order was later modified, thereby allowing the plaintiff to be immediately released into the custody of ICE, is of no moment.

The plaintiff was further advised of his right to file objections to the Report and Recommendation. The plaintiff has timely objected to the Report and the matter is now before the court for its review.

After carefully reviewing the applicable laws, the record in this case, the Report and Recommendation, and the objections thereto, this court finds that the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The Report is incorporated herein by reference.

Accordingly, the defendants' motion for summary judgment (ECF No. 19) is granted and this action is dismissed with prejudice.

IT IS SO ORDERED.

November 21, 2011
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge